Louis Barry CURRIN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 284S53PS.

Supreme Court of Indiana.

Sept. 30, 1986.

Susan K. Carpenter, Public Defender, Michael Hunter Freese, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kenneth P. Williams, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Appellant-defendant Louis Barry Currin appeals from a 1975 conviction for first degree murder.[1]

The defendant raises four issues on appeal:

1. juror misconduct;
2. sufficiency of evidence;
3. refusal of defendant's tendered instructions regarding motive; and,
4. venue.

### ISSUE I

In support of his motion to correct errors, defendant submitted affidavits from his parents. Their affidavits assert that during their son's trial, they observed one of the jurors conversing with the victim's father and other prosecution witnesses. Defendant's parents did not report the incident to anyone until after the verdict was returned. At the hearing on defendant's motion to correct errors, the juror in question testified that no such conversation took place and that she had no recollection of talking with anyone other than the other jurors during the defendant's trial. The victim's father also denied that the alleged conversation took place.

■ Defendant contends that the extra-judicial contact was presumptively prejudicial, and that the State failed to sufficiently rebut that presumption. While a rebuttable presumption of prejudice arises from juror misconduct involving out-of-court communications with unauthorized persons, *Conrad v. Tomlinson* (1972), 258 Ind. 115, 279 N.E.2d 546, such misconduct must be based on proof, by a preponderance of the evidence, that an extra-judicial contact or communication occurred, and that it pertained to a matter pending before the jury. *See, Fox v. State* (1984), Ind., 457 N.E.2d 1088; *Oldham v. State* (1967), 249 Ind. 301, 304–305, 231 N.E.2d 791, 793; *Brown v. State* (1964), 245 Ind. 604, 607, 201 N.E.2d 281, 283; *Myers v. State* (1960), 240 Ind. 641, 646, 168 N.E.2d 220, 223; *Barker v. State* (1958), 238 Ind. 271, 278, 150 N.E.2d 680, 683–684; *York v. State* (1978), 177 Ind.App. 568, 380 N.E.2d 1255. Where there is a factual conflict regarding the existence or content of extra-judicial juror contact, it is within the discretion of the trial court to determine whether the evidence presented showed any irregularity. *Reed v. State* (1985), Ind., 479 N.E.2d 1248.

■ In the instant case, conflicting evidence was presented regarding the question of whether extra-judicial juror contact occurred. Moreover, defendant failed to introduce any evidence that the alleged contact or communication between the juror and any witness involved any matter pending before the jury. In view of the testimony presented to the trial judge, we find that the trial judge did not abuse his

---

**1.** Ind. Code § 35–13–4–1 (Repealed and Superceded by §§ 35–42–1–1 and 35–50–2–9, Acts 1976, P.L. 148, Section 24).

discretion in determining that defendant's evidence did not merit the granting of a new trial.

■ We also reject the defendant's argument that other persons, including the bailiff, other jurors and witnesses, should have been called by the State to testify as to whether they witnessed the alleged conversation between the juror in question and any witnesses. It was incumbent upon the defendant to call such witnesses to support his allegation that the incident occurred. *Fox v. State, supra.*

## ISSUE II

Defendant argues that the evidence is not sufficient to sustain the jury's verdict because the State failed to prove the essential elements of 1) premeditation, 2) malice, and 3) identification of the defendant as the perpetrator of the murder.

■ "Premeditation" is the deliberate formation of an intent to perform a future act. *Drollinger v. State* (1980), 274 Ind. 5, 408 N.E.2d 1228. The time span between formation of an intent to kill and the killing itself need not be appreciable to constitute premeditation; they may be as instantaneous as successive thoughts. *Owens v. State* (1975), 263 Ind. 487, 333 N.E.2d 745. "Premeditated malice" in the context of murder is shown where a mind has conceived of the thought of taking a human life, the though has been meditated upon, and a deliberate determination has been formed to do the act. *Drollinger, supra.* Both premeditation and malice may be inferred from facts and circumstances surrounding the crime. *Morris v. State* (1979), 270 Ind. 245, 384 N.E.2d 1022.

■ In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could find each element of the crime charged beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398

N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105, (1980).

■ Applying this standard, the evidence established that defendant entered a restaurant, walked past and stepped behind the victim Donovan Williamson, and then grabbed Williamson around the neck. Defendant then pointed a handgun toward Williamson's head and fired twice. One of the shots entered the back of the victim's head, causing death. Defendant immediately fled from the scene. Defendant argues that the testimony of one of the eyewitnesses, Delbert Brooks, creates a reasonable doubt that the killer intended Williamson's death. Brooks testified, "[I]t was sort of like he wasn't going to shoot him (Williamson), it was like he was going to beat him down cause he grabbed him around his neck and popped him on the head." Further describing the incident, Brooks stated, "[I]t was like he was going to pistol whip him against the side of the head but at the time the gun went off." This testimony of Brooks is not supported by that of other witnesses. We are precluded from reweighing evidence or assessing witness credibility. To do so would invade the province of the jury. *Harris v. State* (1985), Ind., 480 N.E.2d 932.

Moreover, the State does not have the burden of negating all possible defenses which would excuse or exempt the defendant's conduct. *Patterson v. New York* (1977), 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281; *Ward v. State* (1982), Ind., 438 N.E.2d 750.

Defendant's act of shooting the victim in the head at close range without provocation could have been seen by the jury as a deliberate act of brutality calculated to cause the victim's death. The jury could reasonably infer that the killing was perpetrated with premeditated malice.

Defendant further argues that inconsistencies in the identification testimony should have led the jury to conclude that the State did not prove beyond a reasonable doubt that he committed the offense. Again, defendant asks that we reweigh the

evidence. Although conflicting testimony was presented regarding the defendant's clothes, facial hair and sunglasses, three eyewitnesses identified the defendant as the perpetrator. Their testimony was sufficient to support the jury's conclusion regarding identity.

Therefore, we find that the jury could reasonably conclude that the defendant was guilty beyond a reasonable doubt.

## ISSUE III

Defendant tendered the following instructions to the trial court:

### INSTRUCTION No. 5

If, upon considering all the evidence presented, the State has failed to prove motive, and that failure is sufficient to raise reasonable doubt in your minds, you are instructed that it is your duty to find the Defendant not guilty.

### INSTRUCTION No. 6

If, upon careful examination of all the evidence, the State has failed to show any motive on the part of the accused to commit the crime charged against him, then this is a circumstance which you the jury should consider in favor of the accused in making up your verdict.

Defendant argues that the trial court erred by refusing to give the above instructions. The State urges that this issue has been waived by the failure to sign the individual tendered instructions, and that affixing a signed cover sheet is insufficient compliance with Ind. Code § 35–37–2–2(6). *Vincent v. State* (1986), Ind., 489 N.E.2d 49; *Harding v. State* (1984), Ind., 457 N.E.2d 1098, *cert. denied,* — U.S. —, 106 S.Ct. 1218, 89 L.Ed.2d 329. We note that the legislature has since [2] revised the statute to require signature only upon the cover sheet.

██ Notwithstanding the waiver issue, the trial court's refusal to give the above tendered instructions does not constitute error. The tendered instructions are identical to those reviewed by this Court in *Robinson v. State* (1974), 262 Ind. 463, 317 N.E.2d 850. In *Robinson,* we upheld the trial court's refusal to give these instructions. Defendant urges this Court to overrule *Robinson.* We decline.

## ISSUE IV

The defendant contends that the State failed to prove that the crime occurred in Marion County and that, therefore, the conviction should be vacated because of the State's failure to prove venue beyond a reasonable doubt.

██ Proper venue must be proved by the State, but the applicable test is that it be shown by a preponderance of the evidence. *Morris v. State* (1980), 274 Ind. 161, 409 N.E.2d 608. The burden in this regard is satisfied if there is evidence of probative value which a reasonable trier of fact could conclude preponderates in favor of the existence of the requisite venue. Circumstantial evidence, standing alone, may be sufficient. *Id.*

██ The killing took place at Snupee's Restaurant at 501 East 30th Street. Officers from the Indianapolis Police Department investigated the crime. The autopsy on the victim was performed by the Marion County Coroner's Office. We therefore find that sufficient evidence was presented for the jury to infer that the offense occurred in Marion County, Indiana.

The judgment of the trial court is affirmed in all respects.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

2. Acts 1985, P.L. 315, § 1.