STATE of Indiana, Plaintiff–Appellant,

v.

Clarence E. MAYFIELD, Jr., Defendant–Appellee.

No. 22A01–8810–CR–00316.

Court of Appeals of Indiana, First District.

March 6, 1989.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, Stanley O. Faith, Pros.Atty., New Albany, for plaintiff-appellant.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Clarence E. Mayfield, Jr., was charged with public intoxication, a class B misdemeanor.[1] At a bench trial, the court sustained his motion for involuntary dismissal for lack of proof of venue. The state appeals on the reserved question of law[2] contending the trial court applied the wrong standard in ruling on the motion to dismiss. We deny the appeal.

## FACTS

On July 8, 1987, Officer Sandra Kron of the City of New Albany police department, while working in downtown New Albany, received a dispatch concerning a vehicle at State and Elm Streets. She went to the location and encountered Mayfield who was in an obviously intoxicated condition. Officer Kron testified that the location of this encounter was in the old Kroger parking lot across State Street from the Value Warehouse, midway between Pearl and State Streets. She arrested Mayfield and took him to the Floyd County jail. At the conclusion of the State's evidence, the trial court sustained Mayfield's motion to dismiss on the ground the State had not sustained its burden of proving venue in Floyd County.

## ISSUE

The sole issue presented for our decision is whether the trial court applied the correct standard in ruling upon the motion to dismiss.

1. Indiana Code section 7.1–5–1–3.

## DISCUSSION AND DECISION

The State characterizes Mayfield's motion as a motion for a directed verdict, a motion formerly applicable only in jury trials and replaced by our current rules of procedure with the motion for judgment on the evidence under Ind.Rules of Procedure, Trial Rule 50. By falling into this error, the State itself applies the wrong standard in its argument. All the cases cited by the State are Trial Rule 50 cases in jury trials. It is true that in those cases, granting of a T.R. 50 motion for judgment on the evidence is proper only if there is a total absence of evidence on some essential issue. *State v. Goodrich* (1987), Ind., 504 N.E.2d 1023. However, this case was not a jury case, it was a court trial, and T.R. 50 has no application. Rather, the motion to dismiss was a motion for involuntary dismissal under Trial Rule 41(B).

In ruling upon a T.R. 41(B) motion for involuntary dismissal, the trial court may, and in fact, has a duty to weigh the evidence. *Benefit Trust Life Ins. Co. v. Waggoner* (1985), Ind.App., 473 N.E.2d 646; *Burras v. Canal Construction and Design Co.* (1984), Ind.App., 470 N.E.2d 1362. In fact it has been stated specifically that "[w]hen the trial is to the court, the defendant can test the sufficiency of the plaintiff's evidence by moving for dismissal pursuant to Trial Rule 41(B)." *Waggoner* at 647. The Trial Rules are made applicable in criminal cases by Ind.Rules of Procedure, Criminal Rule 21.

It is true that proper venue must be proved by the State by a preponderance of the evidence, and that circumstantial evidence alone will suffice to meet that burden. *Boze v. State* (1987), Ind., 514 N.E.2d 275; *Gillie v. State* (1987), Ind., 512 N.E.2d 145; *Currin v. State* (1986), Ind., 497 N.E.2d 1045. The facts in this case are as sufficient to prove venue as were the facts in *Boze*, *Gillie*, and *Currin*. Had the trial court found venue to have been established, we would have sustained that finding. *Id.* However, the trial judge properly

2. Indiana Code section 35–38–4–2.

exercising his right to weigh the evidence under T.R. 41(B) found the State's evidence on venue did not meet the preponderance standard. The trial court, as the factfinder, had the right to make that decision. That we might differ does not matter. Had this been a jury trial, and the motion made under T.R. 50, our decision would be different for there was evidence of venue. This case, however, involves a T.R. 41(B) test of the sufficiency of the State's evidence and the trial court's right and duty to weigh the evidence.

The State also asserts that the trial court held the State to a burden of proving venue beyond a reasonable doubt. We see nothing in the court's ruling or statements to indicate that.

The appeal is denied.

NEAL and STATON, JJ., concur.