**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Stephanie A. VOWELS, Appellee (Defendant Below).**

No. 22A04–8809–CR–00312.

Court of Appeals of Indiana, Fourth District.

March 13, 1989.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, and Stanley O. Faith, Pros. Atty., 52nd Judicial Circuit, New Albany, for appellant.

Lewis G. Benham, Jeffersonville, for appellee.

CHEZEM, Judge.

### Case Summary

State appeals on a reserved question (pursuant to I.C. 35–38–4–2) the trial court's entry of a judgment of acquittal in favor of the defendant. We overrule the State's appeal and affirm the judgment of trial court.

### Issue

The State raises one issue which we restate as follows:

Whether the trial court applied the correct standard in considering the defendant's motion for involuntary dismissal at the close of State's case.

## Facts

Defendant was arrested and charged with illegal possession of alcohol by a minor, a Class C misdemeanor, by information filed on July 10, 1987. Defendant was tried by bench trial on March 15, 1988. At the conclusion of the State's evidence the defense counsel moved for a judgment of acquittal claiming that the State did not meet its burden of proof since it did not prove that: 1) the defendant was a minor; 2) that she "knowingly" possessed anything; and 3) that she possessed alcohol as defined by I.C. 7.1–1–3–4.

The trial court granted the motion asserting that the prosecutor failed to prove that the beverage possessed by the defendant was an "alcoholic" beverage.

## Discussion and Decision

■ The State argues that the trial court applied the wrong standard to the defendant's motion for "judgment on the evidence." The State asserts that the trial court, for purposes of the motion, determined that the State had not met its burden of proof by a reasonable doubt and thus the defendant was entitled to a "judgment on the evidence." In support of its assertion, the State cites *State v. Goodrich* (1987), Ind., 504 N.E.2d 1023 for the correct standard for a Rule 50 judgment on the evidence; a judgment may only be entered on the motion when there is a "total absence of evidence on some essential issue or where the evidence is without conflict and susceptible to only one inference, an inference in favor of the defendant." *Id.* at 1024.

The State is confused as to the motion which has been filed in this case. When the court sits as the trier of fact, without a jury, Rule 50 does not apply; Rule 41(B) applies—even in criminal cases. Indiana Rules of Trial Procedure Rules 41(B), 50(A). *See State v. Seymour* (1978), 177 Ind.App. 341, 379 N.E.2d 535, 3 *Indiana Practice, Rules of Procedure Annotated* (Harvey), § 41.7, p. 151. Thus, the standard to be employed here is the standard for Rule 41(B), and not Rule 50.

Prior to 1982, the standard for Rule 41(B) required the trial court to "accept as true all the evidence and reasonable inferences therefrom which favor the State's allegations" for the purpose of the motion. *Seymour*, 177 Ind.App. at 344, 379 N.E.2d at 539. In 1982 our state supreme court amended the rule to permit a trial court to weigh the evidence when considering the motion. Thus, a trial court is permitted to believe or disbelieve testimony or other evidence and find against the party presenting the evidence, even if there is no evidence to the contrary. Harvey, § 41.6, p. 147.

In *Benefit Trust Life Ins. Co. v. Waggoner* this court held that when a case is tried to the court a defendant's motion is essentially a test of the sufficiency of the plaintiff's evidence. (1985), Ind.App., 473 N.E.2d 646, 647. The motion does not measure merely the quantity of the evidence, but, since the trial court is empowered to weigh the evidence, it measures the quality as well.

The establishment of a prima facie case does not require the court to find in favor of the party with the burden of proof. A court may reconcile, reject, accept or weigh the evidence and determine the credibility of the witnesses. *Ferdinand Furniture Co., Inc. v. Anderson* (1980), Ind.App., 399 N.E.2d 799, 805. Thus, the establishment by the State of a prima facie case does not save it from a Rule 41(B) motion. The trial court is permitted to make an ultimate conclusion in the case based solely upon the evidence presented by the State.

■ In a recent case decided by the First District, the court ruled that trial court properly made an ultimate conclusion, based solely upon the evidence presented by the State, on the issue of venue; the State has the burden of proving proper venue by a preponderance of the evidence. *State v. Mayfield* (1989), Ind.App., 536 N.E.2d 294, at 295–96. Accordingly, a defendant's motion for involuntary dismissal should be granted if the trial court concludes that, after the State presents it evidence, the after the State presents its evidence, the State has failed to prove the essential elements of the offense beyond a reasonable doubt—except where, as in *Mayfield*, the

State's required burden is less, such as by the preponderance of the evidence.

 The State admits that the standard employed by the trial court was "beyond a reasonable doubt," which, as discussed above, is the correct standard. The State does not argue in its brief that the actual entry of judgment was erroneous—although it was raised in its motion to correct errors. Therefore the issue is waived. Indiana Rules of Appellate Procedure Rule 8.3(A)(7).

Accordingly, the reserved question appeal of the State is overruled and the judgment of the trial court is affirmed.

SULLIVAN and MILLER, JJ., concur.