**Shawn T. KIMBROUGH, Appellant–
Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9301–CR–33.**

Court of Appeals of Indiana,
Second District.

Oct. 25, 1993.

Kay Beehler Ridgely, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Shawn T. Kimbrough appeals his convictions of robbery,[1] a class C felony, and battery,[2] a class A misdemeanor. We reverse in part and affirm in part.

### ISSUES

1. Is the evidence sufficient to support Kimbrough's conviction of robbery?

2. Did the trial court err when it denied Kimbrough's motion for judgment on the evidence at the close of the State's case?

3. Did the trial court err when it failed, sua sponte, to order Kimbrough's trial severed from that of his two co-defendants?

### FACTS

On November 28, 1991, Shawn Kimbrough and several friends were driving around when they saw three young men whom they knew and with whom they had

---

1. *See* IC 35–42–5–1 (1988).

2. *See* IC 35–42–2–1(1) (1988).

had an on-going dispute, Jeremy Moore, Timothy Rainey, and Curtis Rainey. Kimbrough exited the car and chased Curtis Rainey; the two young men then engaged in a fight.

Immediately prior to the affray, Rainey had purchased two cans of soda, snack cakes, and potato chips, which he was carrying in the pockets of his army jacket along with ten dollars. When he arrived home after the fight, these items were missing from his pockets.

Kimbrough was arrested and charged with battery as a class C felony and robbery as a class B felony. After a bench trial, he was convicted of battery as a class A misdemeanor and robbery as a class C felony. Kimbrough appeals.

## I.

Kimbrough argues the evidence is insufficient to support his conviction of robbery because there is no evidence of a taking. We agree.

When reviewing sufficiency of the evidence claims, we look at the evidence most favorable to the conviction and all reasonable inferences therefrom, *Wear v. State* (1992), Ind., 593 N.E.2d 1179, 1179, and we may neither reweigh the evidence nor judge the credibility of witnesses. *Stewart v. State* (1988), Ind., 521 N.E.2d 675, 677. The conviction will be upheld if there is evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Isom v. State* (1992), Ind.App., 589 N.E.2d 245, 246–47, *trans. denied.*

Rainey testified that Kimbrough asked if he wanted to fight one-on-one. Not wanting to be "jumped" by Kimbrough and his friends, Rainey said yes; Kimbrough hit Rainey and the two fought. Two of Kimbrough's associates joined in the fight, hitting Rainey with a stick and a bottle.

Rainey testified he did not know what happened to the two cans of soda, the bag of potato chips, the two snack cakes and the ten dollars he had in a button-down pocket of his jacket when the fight began. He explained that during the fight his coat "came over [his] head," Record at 203; that he tried to wiggle out of it; that after the fight it was "hanging down to my—knees, my legs . . . it was off——off my body hanging down." *Id.* at 214. Also, the buttons on the outer pockets "had come up," *Id.* at 215, and the pockets themselves were empty. Rainey further testified:

Q: As they were hitting you could you feel whether or not anybody had hands in your pockets?

A: No.

Q: You couldn't feel that?

A: I could feel the stuff running through my—as my pockets was opening. But I didn't just feel the stuff falling out or something. I don't know.

\* \* \* \* \* \*

A: I could feel my pocket—I could just feel them doing like that and stuff and as it come out and I ran. When I got home it wasn't in there.

*Id.* at 216. When asked if he felt "anybody going in [his pockets] and taking [his stuff] out," Rainey responded, "no." *Id.* at 233. This testimony fails to support the reasonable inference that Kimbrough or one of his associates took Rainey's property from his person by force or the threat of force. The evidence is insufficient to support Kimbrough's conviction of robbery, and that conviction must be reversed.

## II.[3]

Kimbrough argues the trial court erred in denying his motion for judgment on the evidence. Kimbrough is correct that, in an action tried to the court, Ind.Trial Rule 41(B) applies and requires that a defendant's motion for judgment on the evidence be granted if, "after the State presents its evidence, the State has failed to prove the essential elements of the offense beyond a reasonable doubt." *State v. Vowels* (1989), Ind.App., 535 N.E.2d 146, 147.

---

**3.** Because we reverse Kimbrough's robbery conviction, we examine the remaining issues only with regard to his battery conviction.

Kimbrough claims that the trial court improperly applied the standard for motions under Ind.Trial Rule 50, which is applicable only in jury trials, as opposed to the standard for motions under Ind.Trial Rule 41(B) which is applicable in bench trials. The basis of this argument is Kimbrough's assumption that, because the trial court stated that the State had made a prima facie case, the court was applying the T.R. 50 standard. This assumption, however, is invalid.

The distinction between the T.R. 50 standard and the T.R. 41(B) standard is that the trial court judges the credibility of the State's witnesses and weighs the evidence in ruling on a T.R. 41(B) motion, while, in ruling on a T.R. 50 motion, the trial court determines only whether the State has presented evidence on each element of the offense.

■ In relation to the two rules, "prima facie case" is ambiguous. The phrase is appropriately used to refer to the determination by the trial court at the end of the State's case that the State's witnesses are credible and that, if the defendant rests, it may find the defendant guilty. It is also appropriate to use the phrase to refer to the determination that the State has offered evidence on all elements. *See* Black's Law Dictionary 1071 (5th ed. 1979) (defining prima facie case as "(1) in sense of plaintiff producing evidence sufficient to render reasonable a conclusion in favor of allegation he asserts; this means plaintiff's evidence is sufficient to allow his case to go to jury, and (2) ... plaintiff's evidence would reasonably allow conclusion plaintiff seeks, but also that plaintiff's evidence compels such a conclusion if the defendant produces no evidence to rebut it"). Thus, the trial court's use of the phrase "prima facie case" does not undercut the presumption that the trial court was applying the appropriate standard of T.R. 41.

### III.

Kimbrough argues the trial court erred when it failed, sua sponte, to order his trial severed from that of his co-defendants.

■ Kimbrough did not present any evidence. His two co-defendants presented evidence that neither of them was involved in the battery of Rainey, and that Kimbrough fought with Rainey but did not use a weapon. "The mere fact that one defendant implicates another does not entitle the latter to a separate trial." *Huffman v. State* (1989), Ind., 543 N.E.2d 360, 367 (citation omitted). Instead, "[m]utually antagonistic defenses require severance only if acceptance of one party's mutually antagonistic defense precludes the acquittal of the other." *Underwood v. State* (1989), Ind., 535 N.E.2d 507, 514. Such is not the case here; the trial court could have accepted the co-defendants' defense, that they were not involved in the fight, and still found Kimbrough not guilty of battery. Indeed, the co-defendants' evidence may have benefited Kimbrough in that it corroborated Rainey's testimony that Kimbrough did not use a weapon, and the trial court did not convict Kimbrough of battery with a deadly weapon. The trial court did not err in proceeding with a joint trial.

This cause is remanded to the trial court with instructions to vacate Kimbrough's judgment of conviction and sentence for robbery. His judgment of conviction and sentence of battery is affirmed.

SULLIVAN, J., concurs.

CHEZEM, J., concurs in result.

