**Lawrence D. MITCHELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 79S00–9312–CR–1387.

Supreme Court of Indiana.

Dec. 14, 1994.

Timothy P. Broden, Lafayette, for appellant.

Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A felony, and a finding that he was a habitual offender. He received a sentence of forty-seven (47) years for the attempted murder, enhanced by thirty (30) years by reason of his status as a habitual offender.

The facts are: On the evening of November 23, 1992, and in the early morning hours of November 24, Richard Robles, the victim in this case, and Dean Wimmer had been celebrating Wimmer's birthday. At approximately 2:00 a.m., on November 24, they emerged from an establishment called Magoo's Tavern in Lafayette, Indiana, next door to a Marsh Supermarket. As they exited, they noticed Christmas trees standing outside the store and decided to take a couple. While they were in the process of loading the trees into Robles' pickup truck, they were approached by Creighton Dickerson and Lawrence Mitchell, the appellant in this case.

Dickerson and appellant suggested Robles and Wimmer should steal and transport a tree for them too, for which they would give them a bottle of liquor. This they agreed to do and followed the car driven by Dickerson and appellant to a cul-de-sac in the Brick–N– Wood Estates located on the outskirts of Lafayette. There Dickerson attempted to remove a Christmas tree from Robles' truck. Robles struggled with him, claiming he could not have the tree until he produced the bottle of liquor.

While Robles and Dickerson were fighting over the tree, appellant approached Robles from the rear and stabbed him twice in the neck. One wound was so severe that it damaged Robles' vocal cords. Wimmer emerged from the truck and was struck in the face by Dickerson. The blow rendered Wimmer unconscious and severely damaged his right eye.

Robles looked for Wimmer but did not see him lying on the ground unconscious. Realizing he had been wounded, Robles drove to his sister's apartment where he received medical aid and was transported to a hospital. Amber Marshall, who was also at the scene during the altercation, testified that she saw appellant stab Robles with a knife. Robles also identified appellant as his assailant.

Appellant claims the trial court erred in admitting photographs of Wimmer's inju-

ries. Appellant objected to the admission of the photographs on the ground they were cumulative and unnecessary and that they bore no relationship to the issues presented in appellant's trial. We agree that the extent of the injury to Wimmer had no direct bearing on the issues in this case.

However, Dickerson's attack on Wimmer was a part of the total picture of the altercation and was testified to by both Wimmer and Dickerson. All three photographs of Wimmer are head shots which simply show a severe laceration to his right eye. They are not gruesome and they do demonstrate the damage to which Wimmer testified. Although these photographs might well have been omitted, we cannot perceive any prejudice that could have resulted concerning appellant's defense. *See Mitchell v. State* (1990), Ind., 557 N.E.2d 660 and *Schweitzer v. State* (1989), Ind., 531 N.E.2d 1386.

■ Appellant claims the trial court erred in admitting hearsay statements. Officer Brewer testified that in the early stages of the investigation, he questioned several people, including Dickerson. Dickerson told him that he, appellant and Lee had been out together all evening. Brewer further testified that Lee told him that the statement was false and that he had joined Dickerson and Mitchell only a short time prior to the questioning.

Appellant now claims that his failure to contradict Dickerson's statement to Officer Brewer did not invoke the "tacit admission" exception to the hearsay rule because the statement implied no wrongdoing on appellant's part and that no reply by him should have been expected. Assuming this to be true and although Officer Brewer's testimony was hearsay, the error in its admission was harmless. We point out that the evidence in this case clearly establishes that appellant was at the scene of the altercation; his whereabouts at that time thus were not an issue in this case. We see no reversible error in the admission of the officer's hearsay testimony.

■ Appellant contends the State failed to prove the venue in Tippecanoe County. Venue may be established by circumstantial evidence. *Currin v. State* (1986), Ind., 497 N.E.2d 1045. Appellant claims the State did not prove that the cul-de-sac to the Brick–N–Wood housing addition was in Tippecanoe County. However, an examination of the record does not support appellant in this contention. The record, at page 115, contains a statement that Brick–N–Wood was on the outskirts of Lafayette. In the record at page 197, we find the testimony of Lafayette Police Officer Robert Brewer that the police received a call for aid from Brick–N–Wood. At the record on page 213, Officer Brewer identified slides taken during the investigation at Brick–N–Wood. In the record at page 215–16, Officer Brewer further described the investigation at Brick–N–Wood.

In the record at pages 311–12, Officer Brewer testified that the stabbing occurred at Brick–N–Wood. It thus becomes apparent that the jury hardly could draw any conclusion other than the stabbing did occur within Tippecanoe County. The evidence presented by the State is sufficient to sustain its burden of establishing venue.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.