Leonard E. ECKSTEIN, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 69A04–0412–CR–695.

Court of Appeals of Indiana.

Dec. 19, 2005.

John H. Watson, Sunman, for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Leonard E. Eckstein (Eckstein), appeals the trial court's order denying his Motion to Dismiss based on improper venue.

We affirm.

### ISSUE

Eckstein raises one issue on appeal, which we restate as follows: Whether the trial court erred in its determination that Ripley County was a proper venue for Eckstein's trial.

### FACTS AND PROCEDURAL HISTORY

This appeal arises out of charges filed by the State against Eckstein in Ripley County on January 5, 2004 alleging numer-

ous offenses involving unlawful securities transactions. In its information, the State charged Eckstein with twenty counts of violating Ind.Code § 23–2–1–3, making it unlawful for any person to offer or sell any security in Indiana without first registering the security. In addition, the information charged Eckstein with twenty counts of violating I.C. § 23–2–1–8, making it unlawful for a person to transact business in Indiana as a broker-dealer or agent in securities unless that person is registered. Further, the information charged Eckstein with thirteen counts of violating I.C. § 23–2–1–12, making it unlawful for any person in connection with the offer, sale, or purchase of a security to employ fraudulent or deceitful acts.

On September 28, 2004, Eckstein filed a motion to dismiss the charges against him, alleging that Ripley County was an improper venue. On September 30, 2004, the trial court held a hearing on the motion and determined that venue rested in both Ripley and Marion counties. As a result, the trial court denied Eckstein's motion to dismiss and venue remained in Ripley County.

Eckstein now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

■ Eckstein argues that because the charges against him involve the omission of particular acts, the proper venue for this case is the county where the acts should have occurred. Therefore, Eckstein asserts that the proper venue in this case is Marion County, the only county where he could have registered the securities that are the basis of the State's charges.

■ Eckstein has both a constitutional and a statutory right to be tried in the county where the crime was committed. See Mullins v. State, 721 N.E.2d 335, 337 (Ind.Ct.App.1999), trans. denied. Proof of proper venue by a preponderance of the evidence is essential to any crime. Id. The State may establish proper venue by circumstantial evidence. Id. Thus, the State meets its burden of establishing venue if the facts and circumstances permit the trier of fact to infer that the crime occurred in the given county. Id.

Indiana Code Section 35–32–2–1(a) states in pertinent part that "[c]riminal actions shall be tried in the county where the offense was committed." It has been held, however, that when the crime charged is an omission to do an act, venue of the offense is in the county where the act should have been performed. See Gilmour v. State, 230 Ind. 454, 104 N.E.2d 127, 128 (1952), reh'g denied. Thus, Eckstein now contends that the charges against him involve the omission to register the securities and himself as an agent with the Commissioner of the Securities Division of the Indiana Secretary of State, located in Marion County, and that therefore Marion County is the only proper venue. We disagree.

Our review of the record reveals that Eckstein is accused of selling unregistered securities, acting as an unregistered broker-dealer, and of using fraudulent and deceitful acts to carry out his business, all of which occurred in Ripley County. Accordingly, we do not find that these charges involve simply the failure to register with the Secretary of State, but also involve the acts of selling securities and of using fraudulent and deceptive practices to do so. Additionally, in cases where it cannot readily be determined in which county the offense was committed, trial may be held in any county where an act was committed in furtherance of the offense. I.C. § 35–32–2–1(d). Furthermore, we note that the alleged victims in this case are located in Ripley County. See I.C. § 35–

32–2–1(b). Consequently, we find that there are numerous reasons for venue to rest in Ripley County, and that the State has more than met its burden of establishing that Ripley County is a proper venue under I.C. § 35–32–2–1.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not err in denying Eckstein's motion to dismiss based on improper venue.

Affirmed.

SHARPNACK, J., and BARNES, J., concur.