**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 09 2012, 8:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DERRICK BAKER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 48A02-1110-CR-929 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-1102-FB-191

**July 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Derrick Baker ("Baker") appeals his conviction, following a jury trial, of Dealing in Cocaine as a Class B felony.[1] He presents one issue for our review: whether the State presented sufficient evidence to establish that Madison County was the proper venue for trial.

We affirm.

**Facts and Procedural History**

On June 23, 2010, as part of his assigned duties with the Madison County Drug Task Force, Anderson Police Department Detective Keith Gaskill ("Detective Gaskill") was working in an undercover capacity with a confidential informant ("CI"). Detective Clifford Cole ("Detective Cole"), another Anderson Police Department officer assigned to the Madison County Drug Task Force, was assisting Detective Gaskill. The CI knew Melissa Mahoney ("Mahoney"), who resided in Anderson.

Mahoney was with Baker at the intersection of 14th and Arrow Streets when the CI called, asking if she could obtain an "eight ball" of crack cocaine. (Tr. at 174.) After Baker assured Mahoney that he could provide the cocaine, Mahoney told the CI to come to 14th and Arrow. Detective Gaskill and the CI met Mahoney and Baker at that location and, upon Baker's instruction, the four traveled in Detective Gaskill's vehicle to 22nd and Arrow. There, Detective Gaskill gave Baker $150 in cash and Baker went inside a house. Ten to fifteen minutes later, Baker returned to the car and handed Detective Gaskill the cocaine.

Baker then decided he wanted some cigarettes. Mahoney suggested a 16th and Raible

---

[1] Ind. Code § 35-48-4-1(a)(1)(C).

2

location but, instead, Detective Gaskill drove to a convenience store at Nichol and Madison. Mahoney and Baker bought cigarettes, after which Detective Gaskill dropped the couple off at 14th and Arrow. Detective Cole, who had been following Detective Gaskill at a distance, met with Gaskill at the Drug Task Force office and advised him of Baker's identity.

On February 9, 2011, the State charged Baker with Class B felony dealing in cocaine. During trial, at the close of the State's case in chief, Baker moved for judgment on the evidence on the basis that the State failed to prove proper venue. The trial court denied the motion with the following explanation:

> I don't recall [the State] specifically asking somebody is this location in Anderson, Madison County, Indiana, but jurors, I did hear evidence about location. We know these are Anderson Police Officers. I believe there's sufficient information in the evidence from which a jury may determine venue.

(Tr. at 260.) Baker then presented his defense. The jury found Baker guilty as charged and the trial court imposed a fifteen-year sentence. Baker now appeals.

**Discussion and Decision**

Standard of Review

A defendant has both a constitutional and statutory right to be tried in the county in which an offense was committed. Ind. Const. art. 1, § 13(a); Ind. Code § 35-32-2-1(a); Baugh v. State, 801 N.E.2d 629, 631 (Ind. 2004). Venue is not an element of a criminal offense. Id. Nevertheless, proof of proper venue by a preponderance of the evidence is essential to sustain a conviction for any crime. Eckstein v. State, 839 N.E.2d 232, 233 (Ind. Ct. App. 2005).

The standard of review for claims of insufficient evidence to prove venue is the same

3

as that for other claims of insufficient evidence. <u>Neff v. State</u>, 915 N.E.2d 1026, 1032 (Ind. Ct. App. 2009), <u>adhered to on reh'g</u>, <u>trans. denied</u>. We do not re-weigh evidence or resolve questions of credibility, but look to the evidence and reasonable inferences therefrom that support the conclusion of required venue. <u>Id.</u>

Analysis

Baker points out that none of the witnesses stated that the cocaine buy occurred in Madison County. But the State may establish proper venue by circumstantial evidence. <u>Eckstein</u>, 839 N.E.2d at 233. Thus, the State meets its burden of establishing venue if the facts and circumstances of the case permit the jury to infer that the crime occurred in the given county. <u>Id.</u>

The record shows that Detectives Gaskill and Cole both identified themselves as part of the Anderson police force associated with the Madison County Drug Task Force. In addition, two other officers testified that they were employed by the Anderson Police Department. No other law enforcement agencies were involved in the investigation of the crime or in Baker's arrest. The cocaine was stored at the Anderson Police Department property room and labeled as belonging to that Department. Witnesses named the location of the cocaine buy as 22nd and Arrow. Other streets were identified, including Nell Street. Detectives also mentioned an alley between Arrow Avenue and Mill Streets, Red's Cleaners at Nichol and Arrow, and a gas station that once was a Milk Barn at Nichol and Madison Avenues. In addition, jurors viewed a videotape of the event.

Baker insists that these facts and circumstances are insufficient to prove venue. We

4

disagree. In <u>Currin v. State</u>, 497 N.E.2d 1045 (Ind. 1986), the Indiana Supreme Court reviewed facts and determined:

> The killing took place at Snupee's Restaurant at 501 East 30th Street. Officers from the Indianapolis Police Department investigated the crime. The autopsy on the victim was performed by the Marion County Coroner's Office. We therefore find that sufficient evidence was presented for the jury to infer that the offense occurred in Marion County, Indiana.

<u>Id.</u> at 1048. Similarly, in <u>Gillie v. State</u>, the Court reviewed the record and concluded:

> Aside from the evidence indicating that the bank neighbored Pike Central High School, the State produced testimony that the victim of the robbery was the Campbelltown branch of the First National Bank of Winslow. Both Campbelltown and Winslow are in Pike County. One of the bank employees testified that the bank was located at "the Highway of 56 and 61," apparently referring to the intersection of State Roads 56 and 61. The investigating officers named numerous Pike County roads and streets when discussing their search of the bank surrounds. This evidence was clearly sufficient to establish venue.

512 N.E.2d 145, 151 (Ind. 1987); <u>see also</u> <u>Mitchell v. State</u>, 644 N.E.2d 102, 104 (Ind. 1994) (finding sufficient evidence of venue in Tippecanoe County where testimony demonstrated that the stabbing and its investigation occurred at the Brick-N-Wood housing addition and that the Brick-N-Wood was on the outskirts of Lafayette); <u>Shields v. State</u>, 490 N.E.2d 292, 295 (Ind. 1986) (finding sufficient evidence of venue in Lake County where patrolman with the Lake County Police Department investigated crime, neighbor of victim gave street address in Hobart, and same witness identified victim's address as Route I in Hobart Township).

In this case, jurors, who presumably resided in Madison County, were instructed to "use your own knowledge, experience and common sense gained from day to day living"

5

when determining what to believe.  (App. at 131; Tr. at 355.)[2]  From the multiple references to "Anderson," "Madison County," and named streets, the jury could reasonably have inferred that the charged offense occurred in Madison County.  See Duffitt v. State, 519 N.E.2d 216, 223 (Ind. Ct. App. 1988) (finding sufficient circumstantial evidence to establish venue in Madison County where evidence demonstrated that offenses occurred at defendant's home in Elwood, in his car following a trip to a skating rink in Alexandria, in his car following a trip to the Dairy Queen in Elwood and on the way back to Alexandria from Anderson), aff'd, 525 N.E.2d 607 (Ind. 1988).  Because the State met its burden of proving venue by a preponderance of the evidence, we affirm Baker's conviction.

    Affirmed.

ROBB, C.J., and MATHIAS, J., concur.

---

[2] Although the jury was not instructed on venue per se, both preliminary and final instructions included the charging information, in which the State alleged that the crime occurred in Madison County.