**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 28 2012, 8:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GERALD W. TOWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  35A04-1112-CR-675 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON CIRCUIT COURT
The Honorable, Thomas M. Hakes, Judge
Cause No. 35C01-1006-FD-148

**August 28, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Gerald Town ("Town") appeals his conviction, following a jury trial, of Sexual Battery, a Class D felony,[1] and Sexual Misconduct with a Minor, a Class C felony.[2] He presents one issue for our review: whether the State presented sufficient evidence to establish that Huntington County was the proper venue for trial. We affirm.

**Facts and Procedural History**

Town was a driving instructor at Northeast Indiana Driving Academy ("NIDA") from 2006 to 2011. In 2009, A.S., a fifteen-year-old male, received individualized driving instruction from Town. At that time, NIDA was located on or near Theater Avenue in the City of Huntington, Huntington County, Indiana. The driving instruction took place "mostly in Huntington, but then eventually . . . went outside of Huntington a little bit." (Tr. at 449.)

Before one of Town's "solo" drives with A.S., Town advised him that he would employ a teaching method in which he would touch A.S.'s leg to indicate whether A.S. should accelerate or decelerate. (Tr. at 450.) Town also advised him that if Town accidentally touched A.S.'s genitals, A.S. should let him know. During that solo drive, Town squeezed A.S.'s leg intermittently, each time moving further from his knee up his thigh, eventually touching his genitals.

In 2010, A.V., a sixteen-year-old male, received individualized driving instruction from Town. When Town first began teaching A.V., he explained a teaching method in which

---

[1] Ind. Code § 35-42-4-8(a)(2).

[2] I.C. § 35-42-4-9(a).

he would put his hand on A.V.'s leg. Over the course of the lessons, Town placed his hand further away from A.V.'s knee, up A.V.'s leg towards his thigh. On June 9, 2010, during one of Town's solo drives with A.V., Town touched A.V.'s genitals. By the time of that drive, NIDA was located at 88 Home Street in the City of Huntington, Huntington County, Indiana. All of A.V.'s instructional drives after his first drive "started in Huntington and stayed in that area." (Tr. at 241.)

On June 17, 2010, the State charged Town with two counts of Class D felony sexual battery with regard to conduct against A.V., and one count of Class C felony sexual misconduct with a minor with regard to conduct against A.S. A jury trial was conducted on September 12 through 15, 2011. The jury found Town guilty as charged of one count of Class D felony sexual battery, and one count of Class C felony sexual misconduct with a minor. On December 5, 2011, the trial court entered a judgment of conviction, and imposed an aggregate sentence of two years imprisonment with another 3 ½ years suspended to probation. Town now appeals.

**Discussion and Decision**

Standard of Review

A defendant has both a constitutional and a statutory right to be tried in the county in which an offense was committed. Ind. Const. art. I, § 13(a); Ind. Code § 35-32-2-1(a); Baugh v. State, 801 N.E.2d 629, 631 (Ind. 2004). Venue is not an element of a criminal offense. Id. Nevertheless, proof of proper venue by a preponderance of the evidence is essential to sustain a conviction for any crime. Eckstein v. State, 839 N.E.2d 232, 233 (Ind.

3

Ct. App. 2005).

The standard of review for claims of insufficient evidence to prove venue is the same as that for other claims of insufficient evidence. Neff v. State, 915 N.E.2d 1026, 1032 (Ind. Ct. App. 2009), adhered to on reh'g, 922 N.E.2d 44 (Ind. Ct. App. 2010), trans. denied. We neither reweigh evidence nor resolve questions of credibility, but look to the evidence and reasonable inferences therefrom that support the conclusion of required venue. Id.

## Analysis

Town argues that evidence as to geographic location of his criminal activity is too indefinite to be sufficient. However, the State may establish proper venue by circumstantial evidence. Eckstein, 839 N.E.2d at 233. Therefore, the State meets its burden of establishing venue if the facts and circumstances of the case permit the jury to infer that the crime occurred in the given county. Id.

Venue for a "chain of criminal events may lay in any county in which any of the events occurred." Neff, 915 N.E.2d at 1034. To determine whether the various acts which comprise the crime are part of a single chain of events, we analyze whether the acts done by the defendant in one county are integrally related to the crime consummated in another county. Sears v. State, 456 N.E.2d 390, 391-92 (Ind. 1983).

While the defendant has a constitutional right to be tried in the county in which the offense was committed, "the constitution does not contemplate exonerating criminals simply because the nature of the crime itself makes venue unknowable." Cutter v. State, 725 N.E.2d 401, 409 (Ind. 2000). When "it cannot readily be determined in which county the offense

4

was committed, trial may be in any county in which an act was committed in furtherance of the offense." I.C. § 35-32-2-1(d). A step that alone may have been innocent, but nevertheless occurred in furtherance of the crime, may satisfy the State's burden of proving venue by a preponderance of the evidence. Cutter v. State, 725 N.E.2d 401, 410 (Ind. 2000).

At the time of A.S.'s lessons with Town, NIDA was located on or near Theater Avenue, Huntington, Huntington County, Indiana. During A.V.'s lessons with Town, NIDA was located at 88 Home Street, Huntington, Huntington County, Indiana. NIDA was located at all pertinent times in Huntington County, Indiana. Before one of A.S.'s drives, Town advised him that he may touch A.S.'s leg as part of a purported teaching method, and that if he accidentally touched A.S.'s genitals, A.S. should let him know. Town explained a similar teaching method to A.V. at some point before the drive during which he touched A.V.'s genitals.

The drives during which Town committed the criminal acts both began in Huntington County. A.S. stated that his driving instruction took place "mostly in Huntington, but then eventually . . . went outside of Huntington a little bit." (Tr. at 449.) A.V. stated that all instructional drives after his first drive "started in Huntington and stayed in that area." (Tr. at 241.)

Here, jurors, who presumably resided in Huntington County, were instructed to "use [their] own knowledge, experience[,] and common sense gained from day to day living." (App. at 77; Tr. at 213.) From the nature of the charged offenses and from the testimony given during trial, the jury reasonably could have inferred that the preparatory conduct for

5

each criminal act—the explanation of Town's purported teaching technique—occurred in furtherance of the actual criminal acts, and that they were integrally related to the actual criminal acts. Furthermore, from the references to "Huntington," "Huntington County," and named streets and landmarks, the jury reasonably could have inferred that the charged offenses occurred in Huntington County.

## Conclusion

The state met its burden of proving venue by a preponderance of the evidence, therefore we affirm Town's conviction.

Affirmed.

RILEY, J., and CRONE, J., concur.