**Martan Sherard AGNEW,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 79A02–9511–CR–699.**

Court of Appeals of Indiana.

March 7, 1997.

Transfer Denied May 14, 1997.

Steven P. Meyer, Merritt Troemel Meyer & Hamilton, Lafayette, for Appellant–Defendant.

Pamela Carter, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Martan Sherard Agnew (Agnew) appeals his conviction of rape, a class B felony.[1] Agnew presents two issues for our review:

1. Whether the behavior of the state's key witness during and after a taped replay of Agnew's testimony interfered with his right to a fair trial.

2. Whether the prosecutor impermissibly shifted the burden of proof to Agnew by stating during closing argument, "if you believe he's guilty, he's guilty."

We affirm.

Agnew and M.R. were students at Purdue University. The two became acquainted when Agnew began dating one of M.R.'s roommates. On the evening of February 19, 1994, M.R. became ill after consuming alcohol and was put to bed by her roommates. M.R. subsequently passed out. She awoke approximately one hour later and discovered that an individual she initially believed to be her ex-boyfriend was on top of her engaged in an act of intercourse. When she became more fully awake, she determined that the individual was Agnew. She immediately screamed and told him to leave her room. Agnew left the room and, after a confrontation with M.R.'s friends, was arrested and subsequently charged with rape.

The witnesses were separated during trial pursuant to an order entered by the court which provided that no witness could be present in the courtroom while any other witness was testifying. Agnew testified that he reasonably believed that M.R. consented to have intercourse with him. M.R. claimed that she did not consent and could not have provided meaningful consent in her state of intoxication. During its deliberation, the jury asked to review the testimony of both M.R. and Agnew regarding Agnew's allegations of consent. The trial court granted the request and brought the jury back to the courtroom to hear the taped testimony. M.R. was sitting among the spectators during the replay of this testimony. She sobbed audibly and cried in her mother's lap during the replay of Agnew's version of events. Later, either while the jury was leaving the courtroom or immediately after the last juror had exited, M.R. reportedly cried out, " '[h]e's a liar.' " Record at 769. Agnew's counsel then moved for a mistrial, claiming that M.R.'s conduct rendered the trial unfair. The court overruled Agnew's motion. The trial court subsequently denied Agnew's Motion to Correct Errors which raised the same argument.

### I. Fair Trial

Agnew argues that M.R.'s behavior during the replay of his testimony deprived him of his right to a fair trial. Following the replay of Agnew's testimony, Agnew's counsel moved for a mistrial. We note at the outset that the question whether to grant a mistrial is largely within the discretion of the trial court, and this decision is extended significant deference because the trial court is deemed to be in the best position to assess the impact of a particular event upon the jury. *Kelley v. State* (1990) Ind., 555 N.E.2d 140. To prevail upon appeal from the denial of a motion for mistrial, the defendant must show that the conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Id.* The defendant must also demonstrate that no lesser curative measure would have remedied

---

1. I.C. 35–42–4–1 (Burns Code Ed.1994).

the perilous situation in which he was placed. *Id.*

▪ Agnew claims that the nature of M.R.'s behavior during the replay of the testimony, and the context in which it occurred, gives rise to the presumption that prejudice has in fact occurred. It is true, as Agnew notes, that a rebuttable presumption of prejudice arises from juror misconduct involving out-of-court communications with unauthorized persons. *Currin v. State* (1986) Ind., 497 N.E.2d 1045. However, we do not believe that this presumption of prejudice is applicable because the behavior in question simply did not occur "out-of-court." The above-mentioned rule, and the cases cited by Agnew in which the rule is discussed, indicate that this presumption should only apply to situations in which the alleged contact between a juror and an unauthorized individual takes place in a truly extra-judicial context. *See, e.g. Wolfe v. State* (1990) Ind., 562 N.E.2d 414 (probation officer inadvertently walked through jury room during deliberations); *Fox v. State* (1990) Ind., 560 N.E.2d 648 (members of victim's family alleged to have spoken with jurors during trial intermissions); *Kelley, supra* 555 N.E.2d 140 (state's sole witness had lunch with jurors during deliberations); *Woods v. State* (1954) 233 Ind. 320, 119 N.E.2d 558 (state's witnesses visited with jurors during intermissions and recesses). The conduct in question here cannot be said to be "extrajudicial" or to have occurred "out-of-court". Rather, it occurred during the replay of trial testimony in open court and in the presence of the trial judge and counsel for the state and the defendant.

Moreover, we noted above in discussing the standard of review for the denial of a motion for mistrial that a trial judge has significant discretion to grant or deny such a motion because the judge is deemed to be in the best position to assess the impact of potentially prejudicial events upon the jury. To impose a presumption of prejudice in a case such as this would strip the trial judge of this well-placed discretion. The automatic presumption of prejudice simply has no application when the allegedly prejudicial communication is directly observed by the trial judge.

▪ Agnew claims that the trial court's denial of his motion for mistrial was an abuse of discretion because the court failed to rule out the possibility of prejudice by interrogating the individual jurors. Agnew asserts that M.R.'s conduct imposed upon the trial court the duty to determine the prejudicial impact of the behavior by interrogating the jurors. It is true that when an event which may improperly influence the jury occurs, "the trial court should make a determination as to the likelihood of resulting prejudice, both upon the basis of the content of the [event] and the likelihood of its having come to the attention of any juror." *Lindsey v. State* (1973) 260 Ind. 351, 295 N.E.2d 819, 824.

However, the trial court is obligated to take the remedial action of interrogating the jury only if the court determines, in its discretion, that "the risk of prejudice appears substantial, as opposed to imaginary or remote only". *Id.* Thus, if the court determines that exposure to assertedly prejudicial information does not raise a substantial risk of prejudice, it has no responsibility to interrogate the jurors or to take further remedial action. The trial court clearly determined that M.R.'s behavior during the replay of Agnew's testimony presented no risk of prejudice when it stated:

> I heard her sob very quietly at one point in time. I didn't find that she was disruptive or was putting on a scene here. Certainly you could have asked for a recess, we could have addressed it outside the presence of the jury, but I don't feel it was disruptive. I think the jury was focused here on the recording that was being played. Motion for mistrial is denied. Record at 635.

Since the court determined that there was no risk of prejudice, it had no responsibility to interrogate the jurors or to take other remedial action.

Agnew also claims that the trial court's denial of his motion for mistrial was an abuse of discretion because, according to Agnew, the trial court ignored evidence which clearly demonstrated the prejudicial nature of M.R.'s conduct. Agnew maintains that dur-

ing the replay of his testimony, M.R. made "loud cries and screams". Appellant's Brief at 12. This characterization is not supported by the trial record or by the evidence presented by Agnew at the hearing upon his motion to correct errors. Rather, the evidence adduced at the hearing confirms the trial court's characterization of M.R.'s conduct as "crying" or "sobbing."

■ Moreover, Agnew contends that M.R. screamed out, " '[h]e's a liar' " while the jury was leaving the courtroom. Appellant's brief at 12. However, Agnew's counsel did not object to this statement at the time it is alleged to have occurred and did not raise it in support of Agnew's motion for mistrial. The record simply does not mention this statement until evidence of the statement was presented at the hearing on the motion to correct errors. To the extent that Agnew failed to object to the statement at the time it was made, he has waived the issue. While it is true that a motion to correct errors may be based upon "newly discovered material evidence, including alleged jury misconduct", this evidence must be such that, even "with reasonable diligence, [it] could not have been discovered at trial." Ind.Crim.Rule 16(A). The very point of Agnew's argument appears to be that this statement was made in such a way that it could not have been ignored. If the events transpired as Agnew maintains, the statement should have been discovered and addressed at the time it was made. Agnew's failure to raise M.R.'s alleged statement as a part of his motion for mistrial waives the issue, and it could not be revived through his motion to correct errors.

However, the result would be no different were we to consider the potential for prejudice arising from M.R.'s alleged statement because the evidence presented by Agnew at the motion to correct errors hearing seriously undercuts his claim of prejudice. A newspaper article submitted by Agnew in support of his contention that the statement was made clearly indicates that the jury had left the room before any such statement was made. Moreover, Agnew's own attorney could not state unequivocally that the jury was in the courtroom while the statement was made. It is not unreasonable to assume that if this statement was actually made in the presence of the jury, or if it was as loud as Agnew believes it to have been, his counsel would have objected to it during his motion for mistrial.

The trial court was in the best position to assess the prejudicial impact of M.R.'s conduct upon the jury. The court determined that although M.R. was in fact sobbing during the replay of Agnew's testimony, she was sobbing "very quietly". The court concluded that the jury was engrossed in Agnew's testimony and was not affected by M.R.'s behavior. Agnew has failed to show that M.R.'s behavior was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. We find no basis upon which to disturb the trial court's ruling on Agnew's motion for mistrial.

## II.   Burden of Proof

■ Agnew also claims that the prosecutor's statement to the jury during closing argument that "[i]f you believe he's guilty, he's guilty", Record at 589, unconstitutionally attempted to lower the State's burden of proof. Agnew is correct to note that an individual may not be convicted of a crime unless the State establishes beyond a reasonable doubt all of the necessary elements of a crime. *Taylor v. State* (1992) Ind., 587 N.E.2d 1293, *reh'g denied.* He contends that the prosecutor's statement lessened the states's burden of proof and was therefore fundamental error. Fundamental error is error which is so blatant and prejudicial that, if uncorrected, would deny the defendant due process. *Faulisi v. State* (1992) Ind.App., 602 N.E.2d 1032, *trans. denied.*

We do not believe that the prosecutor's statement was fundamental error because, assuming that it might have borne upon the state's burden of proof, it was immediately corrected by the prosecutor and was subsequently corrected by the trial court's instructions. Agnew's counsel immediately objected to the prosecutor's statement, to which the judge responded that he would be instructing the jury as to the law. The prosecutor then stated, "[i]f you believe he's guilty, you reached that belief from the evidence. If you believe he's guilty, he's guilty." Record at

590.  The prosecutor went on to explain to the jury that the State must prove its case beyond a reasonable doubt, and addressed, without objection, the meaning of this standard.  Following closing arguments, the trial court properly instructed the jury that it could not convict Agnew unless the State proved every essential element of the crime beyond a reasonable doubt.  These actions were more than adequate to correct any error resulting from the prosecutor's statement.

The judgment of the trial court is affirmed.

KIRSCH and HOFFMAN, JJ., concur.