Cyrus SUTHERLIN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0208–CR–638.

Court of Appeals of Indiana.

Feb. 26, 2003.

A. Frank Gleaves III, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Cyrus Sutherlin ("Sutherlin") appeals his conviction for Class B felony robbery.[1] We affirm.

### Issues

Sutherlin raises three issues for our review, which we restate as follows:

I. whether the trial court abused its discretion in admitting two photo arrays;

II. whether the trial court abused its discretion in denying his motion for mistrial; and

III. whether there is sufficient evidence to support his conviction.

### Facts and Procedural History

At approximately 9:05 a.m. on October 15, 2001, Steven Price ("Price") traveled to a bank at 3711 North Georgetown Road in Indianapolis. Sutherlin approached Price in the parking lot and asked him a question. After Price told Sutherlin that he had to make a deposit and did not have time to talk, Sutherlin told him, "give me your money or I'll blow your mother fucking brains out." Tr. at 23. Price refused to give Sutherlin the money, but Sutherlin "just kept on insisting" that he do so. *Id.* Sutherlin again demanded the money and pulled a revolver partially out of his pocket. Price grabbed Sutherlin's arm, and the two struggled. Ronald Brissey ("Brissey") exited the bank and witnessed the last ten to fifteen seconds of the struggle. Eventually, Price released Sutherlin's arm and allowed him to escape with the bag.

---

1. Ind.Code § 35–42–5–1.

Later that day, Indianapolis Police Department Sergeant Columbus Ricks ("Ricks") showed Price a computer-generated photo array that contained approximately 500 photographs, including Sutherlin's. Price identified Sutherlin's photograph as that of the robber with 70% to 80% certainty. Ricks later showed Brissey a computer-generated array containing six photographs, also including Sutherlin's. Brissey identified Sutherlin's photograph as that of the robber.

On October 18, 2001, the State charged Sutherlin with Class B felony robbery, Class A misdemeanor carrying a handgun without a license,[2] and Class C felony carrying a handgun without a license.[3] On June 21, 2002, a jury found Sutherlin guilty of Class B felony robbery and Class A misdemeanor carrying a handgun without a license. The trial court then found him guilty of Class C felony carrying a handgun without a license. At Sutherlin's sentencing hearing on July 11, 2002, the trial court granted the State's motion to dismiss the count of carrying a handgun without a license. Sutherlin now appeals.

### Discussion and Decision

### I. Admission of Photo Arrays

 Sutherlin contends that the trial court abused its discretion in admitting the photo arrays Ricks showed to Price and Brissey. As for the array Ricks showed to Price, Sutherlin failed to object when the State offered it into evidence and has therefore waived this issue for review. *See Woods v. State,* 677 N.E.2d 499, 504 (Ind.1997) ("Failure to object at trial to the

admission of evidence results in waiver of that issue on appeal.").

At trial, the State could not produce the actual array that Ricks showed to Brissey, and instead offered a second computer-generated array containing the same six photographs. Sutherlin contends that the second array was not the "original" array and was therefore inadmissible. *See* Ind. Evidence Rule 1002 (providing in relevant part that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute."). Indiana Evidence Rule 1001(3) provides in relevant part, however, that "[i]f data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately is an 'original.'" Sutherlin does not contend that the second array does not accurately reflect the data stored in the computer. The trial court did not abuse its discretion in admitting the second array.

### II. Motion for Mistrial

 The trial court granted Sutherlin's pre-trial motion in limine to bar use of the term "mug shots[.]" Tr. at 7. At trial, Ricks testified that he "[m]ade arrangements [with Price and Brissey] to come to headquarters and view photo arrays or mug shots." Tr. at 87. Sutherlin contends that the trial court abused its discretion in denying his subsequent motion for mistrial.

[T]he question whether to grant a mistrial is largely within the discretion of the trial court, and this decision is extended significant deference because the

---

2. Ind.Code § 35–47–2–1.

3. The State brought this charge in a separate information as part II of the Class A misdemeanor carrying a handgun without a license charge. *See* Ind.Code § 35–47–2–23 ("A person who violates [Indiana Code Section 35–47–2–1] commits a Class A misdemeanor. However, the offense is a Class C felony ... if the person ... has been convicted of a felony within fifteen (15) years before the date of the offense.").

trial court is deemed to be in the best position to assess the impact of a particular event upon the jury. To prevail upon appeal from the denial of a motion for mistrial, the defendant must show that the conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. The defendant must also demonstrate that no lesser curative measure would have remedied the perilous situation in which he was placed.

*Agnew v. State,* 677 N.E.2d 582, 583 (Ind. Ct.App.1997) (citations omitted), *trans. denied.*

Sutherlin fails to argue either that Ricks's testimony was so prejudicial and inflammatory that he was placed in a position of grave peril or that no lesser measure would have remedied the situation. *See Agnew,* 677 N.E.2d at 583. As such, Sutherlin has failed to carry his burden. We cannot conclude that the trial court abused its discretion in denying his motion for mistrial.

### III. Sufficiency of the Evidence

 Sutherlin contends that there is insufficient evidence to support his robbery conviction.

In reviewing a sufficiency of the evidence claim, we do not reweigh the evidence or assess the credibility of witnesses. Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt.

*Miles v. State,* 764 N.E.2d 237, 242 (Ind. Ct.App.2002) (citation omitted), *trans. denied.*

To convict Sutherlin of Class B felony robbery, the State was required to estab-

lish that he knowingly or intentionally took property from Price by using or threatening the use of force on Price, or by putting Price in fear, while armed with a deadly weapon. *See* Ind.Code § 35–42–5–1. Sutherlin contends that "the only evidence of [his] guilt [is] the photo identification of him by two witnesses during a police interview." Appellant's Br. at 8. Additionally, Sutherlin points to evidence that he clocked in for work the morning of the robbery and that one coworker saw him there. We must decline Sutherlin's invitation to reweigh the evidence and assess the credibility of the witnesses. Given that Price and Brissey positively identified Sutherlin as the robber at trial, we conclude that there is sufficient evidence to support his robbery conviction.

Affirmed.

FRIEDLANDER and MATTINGLY–MAY, JJ., concur.