## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

Jul 11 2016, 8:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David K. Payne
Braje, Nelson & Janes, LLP
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shawn M. Sobolewski, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 11, 2016 <br><br> Court of Appeals Case No. <br> 46A03-1511-CR-2011 <br><br> Appeal from the LaPorte Circuit Court <br><br> The Honorable Thomas Alevizos, Judge <br><br> Trial Court Cause No. <br> 46C01-1311-FA-385 |

**Robb, Judge.**

# Case Summary and Issue

Following a jury trial, Shawn Sobolewski was convicted of aiding, inducing, or causing burglary, a Class A felony, and aiding, inducing, or causing robbery, a Class B felony. Sobolewski appeals his convictions, raising the sole issue of whether the trial court committed fundamental error in failing to interrogate the jury following a display of "improper courtroom decorum." Brief of Appellant at 4. Concluding the trial court handled the matter with due regard to Sobolewski's constitutional rights, we affirm his convictions.

# Facts and Procedural History

On July 4, 2013, Sobolewski asked Brandon and Jeremy Montano if they would be interested in burglarizing the home of Lisa and Doug Bonin. Sobolewski stated the house contained "money and guns" and they would arrive while Lisa was at work. Transcript at 354-55. Brandon and Jeremy agreed to burglarize the residence and called their friend John Surber. Sobolewski drove Brandon, Jeremy, and Surber to the Bonin residence to show them its location and then drove them back to his own residence to finalize the plan. Later that day, only Brandon, Jeremy, and Surber returned to the Bonin residence. When they arrived, Doug was mowing the lawn. Doug spotted the men, stopped his tractor, and walked towards them. Brandon knocked Doug to the ground and took his keys. The men ordered Doug to close his eyes and then led him inside, where they bound his hands and covered his eyes with duct

tape. They took an iPad, some cash, and at least ten firearms from the residence before departing. Sobolewski "got first pick" of the loot. *Id.* at 380.

[3] Thereafter, the State charged Sobolewski with two counts of aiding, inducing, or causing burglary and two counts of aiding, inducing, or causing robbery. During a jury trial held in February 2015, the following exchange took place outside the jury's presence:

| | |
|---|---|
| [Court]: | The bailiff informed me at the break that some members have indicated that there are members of the audience who have not been observing the decorum of the court. Specifically, yelling bullshit—saying bullshit and laughing, et cetera, at the testimony. So . . . he just went and asked the jury, are you guys hearing anything from the audience? And he was told— |
| [Bailiff]: | And they indicated . . . no—well except for the old man and the brother calling bullshit every time a witness is talking. . . . |
| [Court]: | So if they come back in here I'm going to ask them, do they think they're doing him any favors? Because I think it just pisses the jury off. And I'm going to tell them the next time they open their mouths in here, I'm going to kick them out for good. You don't need that. |
| [Defendant]: | No. |
| [Court]: | It's going to piss them off. You might want to tell them, hey, I understand, you know. I'm glad you're rooting for me, but I don't |

think you're doing me any good.

[Defendant]:     Right.

[Court]:         All right. Let's let it be. If it happens again—hopefully it won't. Maybe if you see them come in, maybe [your attorney] back there can—

[Attorney]:      Judge, could we have just a minute, and I'll go look for them and tell them that. I think that would be good.

[Court]:         I think it's good for your client.

[Attorney]:      I[ was] not aware it was going on.

[Court]:         Neither was I until I was just informed.

[Attorney]:      Give me a minute.

[Court]:         We'll wait for [Sobolewski's attorney] to come back. I'd hate for a case to be decided on them just being mad at some of the family members.

[Bailiff]:       He can't find them, Judge. Would you like me to say something to them if I notice them?

[Court]:         No. It would be better if it came from [Sobolewski] or his attorney.

[Attorney]:      They're not around, Judge. I went and looked.

[Court]:         All right.

*Id.* at 559-62. The record reveals no further instances of disruption.

[4] The jury found Sobolewski guilty of one count of aiding, inducing, or causing burglary and one count of aiding, inducing, or causing robbery. The trial court entered judgment of conviction on both counts and ordered Sobolewski serve an aggregate sentence of thirty-five years, with thirty years executed in the Department of Correction and the remainder suspended to probation. This appeal followed.

# Discussion and Decision

[5] Sobolewski suggests "improper courtroom decorum" may have inappropriately influenced the jury. He did not ask the trial court to interrogate the jury, nor did he move for a mistrial. Nonetheless, he contends the trial court's failure to interrogate the jury on this matter interfered with his right to a fair trial.

## I. Standard of Review

[6] A defendant's failure to raise an issue at trial waives the issue for review unless fundamental error occurred. *Treadway v. State*, 924 N.E.2d 621, 633 (Ind. 2010). "Fundamental error is an extremely narrow exception to the waiver rule where the defendant faces the heavy burden of showing that the alleged errors are so prejudicial to the defendant's rights as to make a fair trial impossible." *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014) (citation and internal quotation marks omitted). To establish fundamental error, the defendant must show the trial court erred in not *sua sponte* raising the issue because the alleged error

constitutes a blatant violation of due process. *Id.* The exception is available only in "egregious circumstances." *Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013) (citation omitted).

## II. Improper Courtroom Decorum

Article 1, Section 13 of the Indiana Constitution guarantees, in all criminal prosecutions, the right to a public trial by an impartial jury. Thus, a biased juror must be dismissed. *Joyner v. State*, 736 N.E.2d 232, 238 (Ind. 2000). "[W]hen an event which may improperly influence the jury occurs, 'the trial court should make a determination as to the likelihood of resulting prejudice, both upon the basis of the content of the [event] and the likelihood of its having come to the attention of any juror.'" *Agnew v. State*, 677 N.E.2d 582, 584 (Ind. Ct. App. 1997) (second alteration in original) (quoting *Lindsey v. State*, 260 Ind. 351, 358, 295 N.E.2d 819, 824 (1973)), *trans. denied.* If the trial court determines exposure to the event does not create a substantial risk of prejudice, it has no responsibility to interrogate the jurors. *Id.* If the risk of prejudice is substantial, the trial court "should interrogate the jury collectively to determine who if anyone has been exposed, and individually interrogate any such jurors away from the others." *Caruthers v. State*, 926 N.E.2d 1016, 1021 (Ind. 2010). "At all stages in this process, the trial court has discretion to take what actions it deems necessary and appropriate." *Id.*

In the present case, the bailiff informed the trial court that certain observers were "calling bullshit" and laughing during the testimony. Tr. at 560. Neither

the judge nor defense counsel noticed this behavior as it was occurring, but they agreed it was not in Sobolewski's best interests. Defense counsel attempted to speak with the culprits during the break, but they could not be located. The record reveals no further instances of disruption.

[8] We conclude the trial court handled this matter with due regard to Sobolewski's constitutional rights. Although the trial court recognized some potential for prejudice, it did not find the risk to be substantial enough to warrant further remedial action. The trial court was in the best position to assess the prejudicial impact of the disruption and exercised its discretion in addressing the situation. The trial court discussed the matter with Sobolewski as soon as it was brought to the court's attention, and at no point did Sobolewski raise the issue of interrogating the jury. We do not believe the trial court committed fundamental error in failing to interrogate the jury on its own initiative.

## Conclusion

[9] The trial court's failure to *sua sponte* interrogate the jury did not constitute fundamental error. We therefore affirm.

[10] Affirmed.

Najam, J., and Crone, J., concur.