Robert HENKE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 29S05–0401–CR–27.

Supreme Court of Indiana.

Jan. 15, 2004.

Frederick Vaiana, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Robert Henke was charged in Hamilton Superior Court with operating a vehicle while intoxicated, a Class A misdemeanor; operating a vehicle with a blood alcohol content of .15 or more, a Class A misdemeanor; and operating a vehicle with a blood alcohol content of .08 or more, a Class C misdemeanor. All charges were based on Henke's driving in the eastbound lanes of 96th Street where that street forms the boundary between Marion and Hamilton Counties. The parties agree for the purposes of this appeal that the eastbound lanes are in Marion County and that Henke drove only in Marion County.

Indiana Code section 35–32–2–1(i) (2000) provides for venue in either county when an offense is committed on a highway sharing the common border. Henke moved to dismiss on the ground that the statute was unconstitutional as applied to him. Henke argued that when the evidence is clear that the defendant never crossed the border into another county, the Indiana Constitution limits venue to the county where driving occurred. The trial court denied the motion, holding that the venue statute conferred venue on Hamilton County. On interlocutory appeal, the Court of Appeals reversed, relying upon its opinion in *Baugh v. State,* 781 N.E.2d 1141 (Ind.Ct.App.2002), which involved virtually identical facts. In *Baugh,* the Court of Appeals agreed that the portion of the venue statute granting concurrent jurisdiction could not constitutionally confer venue over crimes where the evidence pointed to only one county as the location of the offense.

In a companion case today, *Baugh v. State,* 801 N.E.2d 629, 2004 WL 65199 (Ind.2004), we hold that concurrent venue is constitutional for offenses committed by operating a vehicle on a highway forming the boundary between two counties. We grant transfer, and for the reasons given in *Baugh,* affirm the trial court in this interlocutory appeal and remand for proceedings consistent with this opinion.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.