Harry BAUGH, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 29S02–0301–CR–22.

Supreme Court of Indiana.

Jan. 15, 2004.

Annette Fancher Bishop, Carmel, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

BOEHM, Justice.

Harry Baugh was arrested for driving while intoxicated on a street whose center lane is the border of two counties. He contends that the statute allowing for a trial in either county is unconstitutional because he drove on only one side of the road and has a right to be tried in the county where the crime occurred. We hold that dangerous driving on a highway creates risk on all lanes of the highway, and invades interests of both counties in the case of a road that forms their common border. Therefore venue in either county was proper.

**Factual and Procedural Background**

Just after 3:00 a.m. on January 31, 2001, Officer Derek Shelley of the Carmel Police Department observed Baugh's car weaving and speeding eastbound on 96th Street, which forms the boundary between Marion and Hamilton Counties. Shelley pulled Baugh over and asked Baugh if he had

been drinking. Baugh admitted he had, and Shelley administered a field sobriety test, which Baugh failed. Shelley then took Baugh to the Carmel Police Station, in Hamilton County, where a chemical test revealed Baugh's blood alcohol level was .10, above the legal limit.

Baugh was charged in Hamilton County with operation of a motor vehicle with a specific amount of alcohol in the body, a Class C misdemeanor; operating while intoxicated, a Class A misdemeanor; and operating while intoxicated within five years of a previous conviction for the same offense, a Class D felony. At the conclusion of the evidence in a bench trial, Baugh moved for Judgment on the Evidence arguing that the State had failed to prove the proper venue was Hamilton County. The trial court denied the motion and found Baugh guilty on all three counts. Baugh was sentenced to three years imprisonment, with all but 180 days suspended, and an additional eighteen months of probation. Baugh appealed, and the Court of Appeals reversed. Indiana Code section 35–32–2–1(i) (2000) provides for venue in either county when the crime occurs on a highway bordering two counties. The Court of Appeals held that when all evidence points to the existence of venue in a particular county, the statute must yield to the defendant's state constitutional right to be tried in the county where the crime is committed. *Baugh v. State*, 781 N.E.2d 1141, 1144 (Ind.Ct.App.2002). We granted transfer, and now affirm the trial court.

### Constitutionality

■ The right to be tried in the county in which an offense was committed is a constitutional and a statutory right. Ind. Const. Art. I, § 13; Ind.Code § 35–32–2–1(a) (2000); *Alkhalidi v. State*, 753 N.E.2d 625, 628 (Ind.2001). Venue is not an element of the offense. *Id.* Accordingly, although the State is required to prove

venue, it may be established by a preponderance of the evidence and need not be proven beyond a reasonable doubt. *Id.*

The Indiana Constitution provides that, "[i]n all criminal prosecutions, the accused shall have the right to a public trial ... in the county where the offense has been committed...." Ind. Const. Art. I, § 13. Indiana Code section 35–32–2–1 provides in part, "[i]f an offense is committed on a public highway ... that runs on and along a common boundary shared by two (2) or more counties, the trial may be held in any county sharing the common boundary." I.C. § 35–32–2–1(i). A "public highway" is "a street, an alley, a road, a highway, or a thoroughfare in Indiana, including a privately owned business parking lot and drive, that is used by the public or open to use by the public." I.C. § 9–25–2–4 (1998). Baugh does not challenge the fact that he was arrested on a highway as defined by the statute. Rather, he argues that because the State failed to show a nexus between the location of the crime and the venue for trial, subsection (i) is unconstitutional as applied to him. We disagree.

In this case, the Court of Appeals reasoned that *Navaretta v. State*, 726 N.E.2d 787 (Ind.2000), allowed venue in an adjacent county when it could not readily be determined in which county the offense occurred. The court concluded that the venue statute applies only in situations where the evidence of location of the crime is inconclusive. In contrast, here the evidence was conclusive that Baugh never entered Hamilton County, so he contends *Navaretta* did not apply by its terms. We agree that *Navaretta* does not confer venue on Hamilton County under the facts of this case, but neither does that decision preclude it.

■ Venue is not limited to the place where the defendant acted. To the con-

trary, the legislature may provide for concurrent venue when elements of the crime are committed in more than one county. *Joyner v. State,* 678 N.E.2d 386, 390–91 (Ind.1997). Similarly, where the precise location of the act is unknowable, a defendant may not avoid trial on this basis. *Cutter v. State,* 725 N.E.2d 401, 409 (Ind. 2000). We live in an age of easy automobile access to neighboring county seats. County venue stems from the notion that every citizen should have access to the seat of government within a day's ride on horseback. Baugh would insist on linking venue to the county where he acted, to the exclusion of the county whose citizens were endangered by his actions. Hamilton County and Marion County officers properly patrol 96th Street and the legislature has deemed that each should be able to arrest and participate in the prosecution of a violation arising there without the waste of time and the delay involved in a trial in another county. The statute recognizes this practicality.

█ Baugh's offense had a sufficient nexus to Hamilton County on the undisputed facts. Drunk driving poses a "public danger," particularly to the public sharing the roadway with the impaired driver. *See State v. Gerschoffer,* 763 N.E.2d 960, 971 (Ind.2002). Baugh argues that because he drove on the south side of 96th Street, his offense occurred solely in Marion County and lacked a nexus to Hamilton County. We have held that inadvertent consequences in another county may not support venue over an offense committed solely in one county. *Wurster v. State,* 715 N.E.2d 341, 350 (Ind.1999) (Bureau of Motor Vehicles processing of a false affidavit in Marion County, after the defendant filed it in another county did not create a sufficient nexus for venue in Marion County). However, if the defendant directs acts into a county, venue is proper in that county. *State v. Moles,* 166 Ind.App. 632, 639, 337 N.E.2d 543, 550 (1975) (resident of another

county mailing tax returns to Marion County for filing with the State was sufficient nexus to create venue in Marion County). Dangerous operation of a vehicle on one side of a highway is a hazard to the entire road, even in the case of a divided highway. Moreover, erratic driving on a road patrolled by law enforcement officers from two counties is observable by both, and requires both to respond. This is also an intrusion into both counties and an imposition on the resources of both. Operators of vehicles know or should know they trigger consequences on both sides of the road. A driver on a border road thus knowingly imposes hazards in both counties. Because the risks created by drunken driving on a boundary road do not stop at the county boundary, a sufficient nexus exists between the place of operation and either county. This is an application of the same principles that justify concurrent venue where the defendant acts in one county and the victim is in another, I.C. § 35–32–2–1(b), and allow for proper venue in a homicide case in the county where the cause of death is inflicted, the county where death occurs, or the county where the body is found. I.C. § 35–32–2–1(c).

In short, we agree with those courts in other states with similar constitutional venue limits who have held that the legislature may establish concurrent venue for violations on or near borders. *See State v. Swainston,* 139 Ariz. 95, 676 P.2d 1153, 1154 (Ct.App.1984); *State v. McCown,* 113 Or.App. 627, 833 P.2d 1321, 1322 (1992).

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.