# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 17 2012, 9:30 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEWAYNE JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1109-CR-853 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jackie Butler, Judge Pro Tempore
Cause No. 49G17-1105-FD-36306

and

| | | |
|---|---|---|
| DEWAYNE JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1109-CR-855 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jackie Butler, Judge Pro Tempore
Cause No. 49G17-1105-FD-036748

**May 17, 2012**

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

Before us are two separate appeals in which Dewayne Jones ("Jones") appeals his convictions for invasion of privacy,[1] each as a Class D felony, contending that the State failed to prove that the proper venue for the offenses was in Marion County.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Having been convicted of invasion of privacy as a Class A misdemeanor and domestic battery as a Class D felony under Cause No. 49G17-1105-FD-036748, Jones was sentenced on May 10, 2011, to an aggregate sentence of 545 days with 180 days executed on home detention and 365 days suspended to probation. In addition, a No Contact Order was issued which prohibited Jones from having any contact with Modesty Jones ("Modesty"), his estranged wife, or Sheila Brown ("Brown"), his mother-in-law, during both the executed and probationary periods of his sentence.[2]

Under Cause No. 49A02-1109-CR-853 ("Case 853"), Jones was charged and convicted for a call made to Brown on May 17, 2011, at approximately 9:17 a.m. The charge and conviction in 49A02-1109-CR-855 ("Case 855") was for a call to Modesty's cell phone made on the night of May 20, 2011.

## DISCUSSION AND DECISION

Although venue is not an element of a criminal offense, the State must nonetheless prove by a preponderance of the evidence that all or part of the crime occurred in the county where charges were brought. *Baugh v. State,* 801 N.E.2d 629, 631 (Ind. 2004).

---

[1] *See* Ind. Code § 35-46-1-15.1.

[2] Dewayne and Modesty Jones were married on May 3, 2010. She was the victim in the original case. A Decree of Dissolution was issued on July 3, 2011.

Electronic communication, such as via cell phone and internet sites, is an area that does not fall readily into traditional venue analysis. In traditional crimes, the perpetrator and victim are in the same place where the offense occurs. When a crime is committed electronically, however, the victim and perpetrator may be in different counties, states, or countries. In an attempt to address such challenges, the Indiana General Assembly adopted Indiana Code section 35-32-2-1(k), which deals with an offense committed by a person using electronic communication outside of Indiana directed at an Indiana resident. The section provides:

> If an offense:
> (1) is committed by use of:
> (A) the Internet or another computer network (as defined in IC 35–42–2–3); or
> (B) another form of electronic communication; and
> (2) occurs outside Indiana and the victim of the offense resides in Indiana at the time of the offense;
> the trial may be held in the county where the victim resides at the time of the offense.

The purpose of this statute is to specify that Indiana has jurisdiction over violators of valid protective orders issued in Indiana regardless of whether either the perpetrator or the victim is physically in Indiana at the time of the violation. Under this statute, the State need only prove that Modesty and Brown resided in Marion County at the time the offense was committed. The locations of the party making the call and the party receiving the call are, therefore, irrelevant under this analysis. It follows logically that the county of proper venue may also be determined by the residence of the victim regardless of her location at the time she received the call on her cell phone.

Furthermore, Indiana Code section 35-32-2-1(b) provides:

> If a person committing an offense upon the person of another is located in one (1) county and the person's victim is located in another county at the time of the commission of the offense, the trial may be in either of the counties.

In *Eberle v. State*, 942 N.E.2d 848, 856 (Ind. Ct. App. 2011), *trans. denied*, this court said:

> Considering the nature of mobile phone technology, an offense committed over the telephone may reasonably be deemed to have been committed at either the geographic location from which the calls were made or at which the calls were received.

Although Jones argues that the State failed to prove that Modesty was at her home in Marion County when she received the call on her cell phone, her testimony that she was at home in Marion County is sufficient to support the conviction in Case 855. *Tr.* at 8-9. Likewise, Brown's testimony that she was at home in Marion County is sufficient to support the conviction in Case 853. *Eberle*, 942 N.E.2d at 856*; Tr.* at 32. Futhermore, it is undisputed that Jones was on home detention as a result of a conviction in Marion County. He testified that he was staying at his brother's home "off of 34[th] and Meridian," *Id.* at 37, easily recognizable as a Marion County address. Jones testified in each case that he did not make the phone calls. It is for the trier of fact to weigh the evidence and judge the credibility of the witnesses. *Eberle*, 942 N.E.2d at 856. Based on any of these scenarios, Marion County is a proper venue for this case.

Affirmed.

BAKER, J., and BROWN, J., concur.

4