**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JESSE R. POAG**
Newburgh, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Aug 11 2014, 10:38 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BULENT COLAK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1312-CR-557 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1305-FD-572

**August 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Bulent Colak challenges the sufficiency of evidence to support his conviction for class D felony battery. He also alleges fundamental error in the trial court's admission of certain hearsay testimony provided by an emergency medical technician ("EMT") pursuant to the medical diagnosis exception. Finding the evidence sufficient and finding no fundamental error, we affirm.

## Facts and Procedural History

Colak and his ex-wife Mary ("Mother") have three daughters. On May 16, 2013, the daughters, S.C., N.C., and D.C. (ages eleven, nine, and eight respectively), were staying at Colak's Vanderburgh County residence, and N.C. placed some clothes on the bathroom floor so that she could shower immediately after dinner. While N.C. ate, Colak saw the clothes and called D.C. upstairs, thinking that they belonged to her. When he discovered that the clothes belonged to N.C., he called N.C. upstairs and began yelling at her and hitting her in the face, causing her to bleed from the mouth and nose. D.C. observed as Colak punched N.C. in the face and shoved her head, neck, and back into the bathroom sink. When the stepmother heard the commotion and ran upstairs, Colak left the house.

Shortly thereafter, the stepmother phoned Mother and prepared to take the children to Mother's home in Posey County. Colak returned and said that he would drive the girls. During the trip, the three girls sat in the second row of the van, and N.C. kept trying to inch as far away from Colak as possible. At one point, he reached back and pinched N.C.'s leg

2

and told her that he was going to kill her. Meanwhile, Mother was on the cell phone with Colak throughout the thirty-five to forty-five-minute commute and heard a commotion.

Colak dropped off the girls at Mother's house, protested his innocence, and left. Mother phoned 911, and an ambulance arrived shortly thereafter. An EMT conducted a trauma assessment on N.C., which involved asking her questions to assess alertness, verifying that she did not have head, neck, or spinal injuries, and conducting a head-to-toe check for any acute injuries that might be life-threatening. He then loaded her into the ambulance and accompanied her to St. Mary's Medical Center. On the way, he checked her vital signs, listened to her lungs, and conducted a more thorough head-to-toe examination. He also questioned her about her injuries, and she explained that she had been struck in the face and pinched on the leg.

The State charged Colak with class D felony battery and class D felony intimidation. The jury found Colak guilty of battery and not guilty of intimidation. He now appeals his battery conviction. Additional facts will be provided as necessary.

**Discussion and Decision**

**Section 1 – Sufficiency of Venue Evidence**

Colak challenges the sufficiency of evidence to establish Vanderburgh County as the proper forum for his trial. When reviewing a claim of insufficient evidence to support venue, we apply the same standard as for other sufficiency claims. *Eberle v. State*, 942 N.E.2d 848, 855 (Ind. Ct. App. 2011), *trans. denied*. We neither reweigh evidence nor judge witness credibility. *Id*. Rather, we consider only the evidence and reasonable inferences that support

the conclusion of requisite venue. *Id.*

A defendant has a constitutional and statutory right to be tried in the county in which the offense was committed. Ind. Const. art. 1, § 13; Ind. Code § 35-32-2-1(a). However, venue is not an element of the offense. *Baugh v. State*, 801 N.E.2d 629, 631 (Ind. 2004). As such, the State must establish venue by a preponderance of evidence rather than beyond a reasonable doubt. *Id.* Venue is usually an issue of fact to be determined by the jury because it typically turns on *where* a certain act occurred. *Eberle*, 942 N.E.2d at 855. The State may establish proper venue by circumstantial evidence. *Mullins v. State*, 721 N.E.2d 335, 337 (Ind. Ct. App. 1999), *trans. denied* (2000). The State therefore meets its burden of establishing venue when the facts and circumstances permit the trier of fact to infer that the offense occurred in a given county. *Id.*

Here, the charging information reads in pertinent part, "[I]n Vanderburgh County, State of Indiana, on or about May 16, 2013, Bulent Colak, a person at least eighteen (18) years of age, did knowingly touch N.C., a person under the age of fourteen (14) … in a rude, insolent, or angry manner, to wit: *by striking her; by pushing her; by pinching her* resulting in bodily injury." Appellant's App. at 19 (emphasis added). Colak does not challenge the establishment of venue concerning his acts of striking and pushing N.C., which occurred in the bathroom of his Vanderburgh County home. Instead, he maintains that the State failed to establish venue regarding his pinching of N.C., which occurred in his van as he drove his three daughters from his home to Mother's Posey County home.

4

We are unpersuaded by Colak's argument. First, he mistakenly presumes that the State was required to prove all three acts in order to convict him of the single count of battery with which he was charged. *See* Appellant's Br. at 5 ("In Colak's case, he was charged with 'hitting, pushing, *and* pinching.'") (emphasis added). We find the charging information's mention of pinching to be mere surplusage and note that Colak never objected to any variance in the charging information either at trial or on appeal. *See Mitchem v. State*, 685 N.E.2d 671, 676 (Ind. 1997) (stating that allegations not essential which can be omitted without affecting the sufficiency of charge against the defendant are considered mere surplusage and may be disregarded).

Notwithstanding the surplusage, we note the applicability of Indiana Code Section 35-32-2-1(h), which reads, "If an offense is committed at a place which is on or near a common boundary which is shared by two (2) or more counties and it cannot be readily determined where the offense was committed, then the trial may be in any county sharing the common boundary." Colak asserts that the statute is inapplicable because the location of the pinching was not unknowable, but rather simply not proven by a preponderance of evidence. We disagree. Colak did not testify and thus could not be questioned concerning which county his vehicle was in when he pinched N.C. Moreover, the three girls (ages eleven, nine, and eight) could not have been expected to pinpoint their exact geographic location at the time of the pinching and later testify to it in court.

The record shows (1) that Vanderburgh and Posey County share a common boundary; (2) that the commute from Colak's Vanderburgh County home to Mother's Posey County

5

home took between thirty-five and forty-five minutes; (3) that Mother was on the phone with Colak during the entire commute and heard a commotion over the phone during that time; and (4) that Mother lives only three to five minutes beyond the Vanderburgh-Posey County border. Based on this evidence, the jury could reasonably infer that, more likely than not, the pinching occurred in Vanderburgh County. In short, the evidence was sufficient to establish venue in the Vanderburgh County Circuit Court.

## Section 2 – Admission of Hearsay

Colak also maintains that the trial court erred in admitting hearsay statements that N.C. made to the EMT during treatment. Conceding that he failed to object to the statements at trial, Colak couches his claim in terms of fundamental error.

> The fundamental error exception [to the contemporaneous objection rule] is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." The error claimed must either "make a fair trial impossible" or constitute "clearly blatant violations of basic and elementary principles of due process." This exception is available only in "egregious circumstances."

*Delarosa v. State*, 938 N.E.2d 690, 694 (Ind. 2010) (citations and quotation marks omitted).

During Colak's trial, the EMT testified that N.C. told him that she had been punched in the face and pinched on the leg. Tr. at 161, 165. Colak asserts that the State failed to lay an adequate foundation to qualify this testimony for the medical diagnosis exception to the hearsay rule. *See* Ind. Evidence Rule 803(4) (a statement "made by a person seeking medical diagnosis or treatment;" who made the statement "for—and is reasonably pertinent to— medical diagnosis and treatment; … and [whose statement] describes medical history; past or

6

present symptoms, pain, or sensations; their inception; or their general cause."). *See also McClain v. State*, 675 N.E.2d 329, 331 (Ind. 1996) (stating that where the declarant is a young child being brought to a professional for treatment, there must be evidence that the child understood the professional's role in order to trigger the motivation to provide truthful information).

Colak asserts that the State failed to lay an adequate foundation concerning nine-year-old N.C.'s motivation to provide the EMT with truthful information. During direct examination, the State asked N.C. questions to establish that she understood generally the difference between the truth and a lie and her duty to provide truthful testimony. Tr. at 41-42. Later, when asked about her interaction with the EMT, N.C. remembered the EMT by first name and recalled that he asked her questions, took care of her by checking the wounded places on her body, and took her blood pressure. This evidence is sufficient to establish that N.C. understood the EMT's role as a medical caregiver.

Notwithstanding, we find the EMT's testimony to be cumulative concerning both striking and pinching. N.C. testified that Colak struck her in the face. Additionally, N.C.'s sister D.C. testified that she saw Colak slam N.C.'s back, head, and neck against the sink by "punching her" with "[h]is fists." *Id*. at 90. The EMT's testimony concerning pinching was also cumulative, having been referenced in N.C.'s medical records from the emergency room at St. Mary's Medical Center. *See* State's Ex. 7 at 8 (nursing narrative stating that N.C.'s leg was pinched). This exhibit was admitted without objection. Finally, as discussed, Colak's conviction for class D felony battery was not dependent upon the State proving beyond a

7

reasonable doubt that he struck, pushed, *and* pinched N.C.  Simply put, the admission of the EMT's hearsay testimony did not make a fair trial impossible.  Based on the foregoing, we conclude that Colak has failed to establish fundamental error.  Accordingly, we affirm.

Affirmed.

BAKER, J., and BARNES, J., concur.