## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 27 2018, 6:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Danielle Sheff
Sheff Law Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Robert J. Henke
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Matter of E.E. (Minor Child) and | April 27, 2018 |
| C.E. (Father), | Court of Appeals Case No. 49A04-1710-JC-2419 |
| *Appellant-Respondent,* | Appeal from the Marion Superior Court |
| v. | The Honorable Marilyn A. Moores, Judge |
| Indiana Department of Child Services, | The Honorable Gael S. Deppert, Magistrate |
| *Appellee-Petitioner.* | Trial Court Cause No. 49D09-1705-JC-1522 |

**Mathias, Judge.**

[1] The Marion Superior Court adjudicated E.E. a child in need of services ("CHINS"), and C.E., her father, appeals. C.E. argues that the Department of Child Services ("DCS") did not prove that venue was proper in Marion County and that he should have been dismissed from the CHINS proceedings.

[2] We affirm.

## Facts and Procedural History

[3] C.E. and T.C. live in Indianapolis with their three children. Their oldest child E.E. is six years old and is enrolled at Indianapolis Public School 90. On May 5, 2017, DCS case manager Quinn Kissane ("Kissane") responded to a report that E.E. had possibly been abused. She interviewed E.E. at School 90 and observed several "linear and looped" marks on E.E.'s body and abrasions on her face.

[4] C.E. and T.C. were asked to bring their other two children and meet with E.E. and Kissane. T.C., E.E.'s mother, admitted that she struck E.E. with a television cable as punishment. C.E. was not home when T.C. struck E.E. and stated that he did not discipline the children. C.E. was not concerned that T.C. struck E.E. and stated, "if [E.E.] had to go to foster care maybe that is what it would take for her to learn her lesson." Tr. p. 17. C.E. also admitted that he regularly used marijuana.

[5] On May 9, 2017, DCS filed a petition alleging that the children were CHINS. The children were removed from their home and placed in DCS custody. In addition to recounting T.C.'s abuse of E.E. and C.E.'s marijuana use, the

petition alleged that E.E. had fifteen unexcused absences from school and comes to school with poor hygiene.

[6] A fact-finding hearing was held on August 9, 2017. T.C. admitted that the children were CHINS. Therefore, the hearing proceeded as to C.E. Photographs of E.E.'s injuries, charges against T.C. filed by the Marion County Prosecutor alleging battery resulting in bodily injury to a person less than fourteen years old, and the Marion County Prosecutor's request for a No Contact Order between T.C. and E.E were admitted into evidence.

[7] After DCS presented its evidence, C.E. moved to dismiss the CHINS petition pursuant to Trial Rule 41(B) arguing that the DCS had not proved venue. The trial court granted C.E.'s motion to dismiss. But later that day, DCS filed a motion to correct error, which the trial court granted. The court rescinded its order dismissing the petition after taking judicial notice that E.E.'s school, an Indianapolis Public School, is in Marion County. As to the two younger children, the court determined that dismissal of the CHINS petition was appropriate because DCS did not meet its burden of proving that those two children were CHINS.

[8] The continued fact-finding hearing with regard to E.E. was held on August 23, 2017. The court subsequently adjudicated E.E. as a CHINS. The September 27, 2017 Dispositional Order established that E.E. would remain in foster care and that T.C. would participate in home-based therapy, random drug screens, and

therapeutic supervised visits with E.E. The court did not order C.E. to participate in any services. C.E. now appeals.

## I.  Venue

C.E. argues that DCS failed to prove venue, and therefore, the trial court erred when it denied his request to dismiss the CHINS petition pursuant to Trial Rule 41(B).[1] Specifically, C.E. claims that DCS did not present any evidence of the location where T.C. struck E.E.

Indiana Code section 31-32-7-1 provides that if a child is alleged to be a CHINS, proceedings may be commenced in the county "where the child resides," "where the act occurred," or "where the condition exists." The State is required to prove venue but may establish venue by a preponderance of the evidence and need not prove it beyond a reasonable doubt. *Baugh v. State*, 801 N.E.2d 629, 631 (Ind. 2004). And venue may be established by circumstantial evidence. *Bryant v. State*, 41 N.E.3d 1031, 1037 (Ind. Ct. App. 2015).

While we agree that DCS did not present evidence of the location where T.C. struck E.E., pursuant to section 31-32-7-1, CHINS proceedings may be commenced in the county where the child resides. Here, there is sufficient circumstantial evidence to prove by a preponderance of the evidence that E.E. resides in Marion County.

---

[1] After the trial court reinstated the cause in response to DCS's motion to correct error, C.E. renewed his request for dismissal at the subsequent fact-finding hearing.

[12] E.E. attends Indianapolis Public School 90 where she was interviewed by the case manager. The trial court properly took judicial notice of the fact that Indianapolis Public Schools are located in Marion County. From this fact, we may infer that E.E. lives in Marion County. Moreover, C.E. admits in his brief that he and T.C. live with their children in Indianapolis, Indiana. Appellant's Br. at 7. And the pleadings filed with the trial court list an Indianapolis address for T.C. and C.E. This evidence sufficiently established that E.E. resides in Marion County, and therefore, pursuant to Indiana Code section 31-32-7-1, DCS proved that Marion County is the proper venue for the CHINS proceedings. For these reasons, the trial court did not err when it denied C.E.'s motion to dismiss.

## II.   II. Should C.E. Have Been Dismissed from the CHINS Proceedings

[13] C.E. also argues that he should have been dismissed from the CHINS proceedings. C.E. claims that "[d]ue process, in the circumstances presented here, should allow a separate finding as to Father or exclude Father from the disposition regarding E.E.'s CHINS status." Reply Br. at 15.

[14] "A CHINS adjudication focuses on the condition of the child, . . . and the acts or omissions of one parent can cause a condition that creates the need for court intervention." *In re N.E.*, 919 N.E.2d 102, 105 (Ind. 2010). Although there is

> a certain implication of parental fault in many CHINS
> adjudications, the truth of the matter is that a CHINS
> adjudication is simply that—a determination that a child is in

need of services. Standing alone, a CHINS adjudication does not establish culpability on the part of a particular parent.

*Id.* And "a CHINS intervention in no way challenges the general competency of a parent to continue a relationship with the child." *Id.*

[15] Because a CHINS adjudication establishes only the status of the child, "a separate analysis as to each parent is not required in the CHINS determination stage." *Id.* at 106. "Indeed, to adjudicate culpability on the part of each individual parent in a CHINS proceeding would be at variance with the purpose of the CHINS inquiry: determining whether a child's circumstances necessitate services that are unlikely to be provided without the coercive intervention of the court." *Id.* (citation omitted).

[16] Here, T.C. admitted that E.E. was a CHINS, but C.E. did not. For this reason, the trial court properly conducted a fact-finding hearing as to the entire matter. *See In re K.D.*, 962 N.E.2d 1249, 1259 (Ind. 2012). Our courts have not held that due process requires a separate CHINS determination for each parent, only that each parent is entitled to a fact-finding hearing to determine whether the child is a CHINS. *See In re N.E.*, 919 N.E.2d at 106.

[17] The trial court found that DCS proved that E.E.'s "physical and mental health is seriously endangered due to injury by the act of Mother, and that [E.E.] needs care, treatment, or rehabilitation that she is not receiving and is unlikely to be provided or accepted without the coercive intervention of the Court." Appellant's App. p. 104. The court also found that due to her injuries, E.E. was

presumed a CHINS pursuant to Indiana Code section 31-24-12-4,[2] and that presumption was not rebutted. *Id*. At the fact-finding hearing, C.E. did not dispute the allegation that T.C. beat E.E. with a television cable and that he and T.C. lived in the same home.

[18] We agree with C.E. that there is no evidence that he caused E.E.'s injuries, but this fact was addressed by the court's dispositional order. T.C. was ordered to participate in several services, but C.E. was not ordered to participate in any services and was allowed unsupervised parenting time with E.E.

[19] For all of these reasons, we conclude that C.E.'s argument that he should have been dismissed or excluded from the proceedings adjudicating E.E. a CHINS lacks merit.

## III. Conclusion

[20] DCS established proper venue in Marion County and C.E.'s argument that he should have been dismissed from the CHINS proceedings is meritless.

[21] Affirmed.

Riley, J., and May, J., concur.

---

[2] Indiana Code section 31-34-12-4 provides in pertinent part that if DCS presents competent evidence that a child was injured due to an act or omission of the child's parent and there is a reasonable probability that the injury was not accidental, a rebuttable presumption is raised that the child is a CHINS.